No. 22583.

ALBERT MICHAEL LUCERO *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(438 P.2d 693)

Decided March 25, 1968.     Rehearing denied April 8, 1968.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, JOSEPH R. QUINN, Assistant, MICHAEL L. BENDER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error Lucero, whom we will hereinafter designate by name, was arrested without a warrant as a suspect in a burglary case. In the premises where Lucero was taken into custody, within plain view of the arresting officers, were narcotics (heroin) and instruments for their use, which were seized. Defendant later was charged by information in the district court with possession of narcotics.

Prior to his trial, Lucero filed a motion to suppress the evidence relating to narcotics. The court conducted a preliminary evidentiary hearing on the question of the admissibility of the evidence. Lucero contended therein that his arrest was unlawful; that the narcotics seized were not obtained as incident to a lawful arrest; and that the evidence was inadmissible at the trial. The court denied the motion to suppress. Thereupon Lucero waived a jury and consented to a trial to the court, during the

course of which the heroin and instruments were introduced into evidence. Defendant objected on the same ground urged in the motion to suppress. The objection was overruled. The court found the defendant guilty of possession of the heroin and sentenced him to eight to fifteen years in the state penitentiary.

To this judgment writ of error is directed. Error by the court in failing to suppress the evidence is the ground relied on for reversal.

■ Lucero admits that if the arrest were lawful the narcotics seized incident thereto would be admissible in evidence. The narrow issue, therefore, before this court is whether the arrest without a warrant was based on probable cause. We hold that it was.

■ A police officer may make an arrest without a warrant pursuant to the authority contained in C.R.S. 1963, 39-2-20, when "a criminal offense has in fact been committed, and he [the officer] has reasonable ground for believing that the person to be arrested has committed it." Lucero's arrest was the culmination of a week's investigation into a burglary. It came about after a series of events which were related to the trial court in the hearing on the motion to suppress the evidence. Lucero did not testify, and the evidence before the court was not contradicted. It is summarized as follows:

A residence at 1192 26th St. had been burglarized and a new stereo set had been removed therefrom. Roy L. Siebler, a Denver detective, was assigned to investigate the reported criminal offense. A woman witness, who asked that her name not be disclosed, reported to Detective Siebler that she observed a car parked alongside her apartment on 26th St. and saw two persons trying to put a stereo set into the back seat of the car. She knew one of the two persons — Albert Lucero — and gave the officer his name. Later she identified a picture of Lucero which Siebler obtained from the Identification Bureau of the Police Department. She informed the officer that

she had seen Lucero on a number of occasions in an apartment next door to the place which had been burglarized.

Two police officers also informed Detective Siebler that about the time of the alleged burglary they were on 26th St. and saw two persons placing a stereo set on the ground and then run off. They turned their spotlight on one of the persons and obtained a description of him. They later identified a photograph of Lucero as the person they chased at that particular time.

■ On the day of the arrest, Mrs. Harvey, the complainant — the person whose home had been burglarized — observed Detective Siebler across 26th St. in an apartment house where he was making further inquiry. She approached the detective, informing him that Lucero and another party had just alighted from a car parked in front of her home and had entered the premises next door to hers, at 1190 26th St. Detective Siebler called for assistance over the police radio, and Sgt. Kennedy, Lt. Borden and Detective Bates responded to the call. Detective Siebler, after conferring with the other three officers, covered the back door, and the other officers went to the front door of 1190 26th St. Sgt. Kennedy was admitted through the front door, and informed Lucero that he was under arrest. When Lucero went into the kitchen area of the apartment, Sgt. Kennedy followed him and observed Lucero place a plate underneath the radiator. He retrieved the plate and saw a spoon on a stove in the kitchen. He also saw a glass jar with a make-shift syringe, an eye dropper, and a needle and a couple of balloons in it. The residue in the spoon was found to contain heroin. On the plate were ten half capsules of heroin. These were the items seized. The court ruled that there was probable cause to arrest Lucero for the burglary. The items introduced into evidence were obtained as an incident to that lawful arrest.

■ "Reasonable ground to believe" and "probable

cause" are substantially synonymous. *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236.

Was there probable cause to arrest Lucero?

In *Gonzales* we said probable cause exists where the facts and circumstances within the arresting officers' knowledge are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

It is contended by Lucero that the information upon which the officers acted in arresting him was hearsay and therefore cannot be relied on by the officers as the basis of "probable cause." The requirement of probable cause for an arrest without a warrant is no different or no greater than that required in obtaining a warrant to either effect an arrest or to conduct a search. Hearsay may be the basis for a search warrant. *Rugendorf v. United States,* 376 U.S. 528, 84 S. Ct. 825, 11 L. Ed. 2d 887. Information, even though hearsay and even though not competent evidence in a criminal trial, could be considered in determining whether the officers had probable cause and reasonable grounds to arrest defendant without a warrant. *Draper v. United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327.

Suspicion and rumor alone would fall short of probable cause, but either heavy or almost exclusive reliance on hearsay does not destroy the validity of an arrest. Each case must be decided on its own facts and circumstances. It is not subject to some set formula as a guide to judge the reasonableness of the arrest in issue. The question to be answered is whether an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed

that a crime had been committed by the person to be arrested. *State v. Sorensen,* 270 Minn. 186, 134 N.W. 2d 115.

Detective Siebler of his own knowledge knew that the premises of Mrs. Harvey had been subject to a burglary and that a new stereo set had been recovered where two fleeing persons had left it when they were unable to get it into an automobile. They were seen by three observers. The investigating officer was furnished the name of the suspect, Lucero, the person subsequently arrested. Corroboration that the name given him and the person sought were the same was obtained by the use of identifying photographs. Lucero again was observed going into the premises next door to the one burglarized, where he was arrested. Before knocking on the door and making the arrest, the arresting officers looked through a window and saw the defendant inside.

These facts and circumstances support the court's finding that there was probable cause. We conclude, as did the trial court, that an experienced detective, after a week's investigation, acting on all the information at hand, could sensibly conclude that Lucero, in all probability, committed the burglary and was the person sought for apprehension.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS not participating.