## No. 25966

**The People of the State of Colorado v. Jacqueline A. Vaughns**
(513 P.2d 196)

Decided August 20, 1973.

Dale Tooley, District Attorney, Second Judicial District, Dave Fisher, Deputy, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal of a ruling of the trial court granting defendant's motion to suppress evidence seized incident to a warrantless arrest. C.A.R. 4.1 (amended April 1, 1971). We reverse.

At the hearing on the motion to suppress, these facts were developed by the testimony. At approximately 11:40 p.m., November 22, 1972, Officer Ramirez of the Narcotics Bureau of the Denver Police Department received a telephone call. It was from a confidential informant who stated to the officer that he was calling from the lounge of the Rossonian Hotel; that the defendant was there; that he had observed the defendant in possession of and selling heroin; that defendant told the informant that the "balloons" contained heroin; that she had only a few "balloons" left; that if the officer didn't hurry to the lounge that he "would probably miss"; and that the defendant was wearing a reversible light purple suede coat. It should also be noted that the informant identified the defendant by name and that Officer Ramirez was acquainted with the defendant, having spoken with her on several occasions.

The officer also testified that this informant had provided reliable information on three recent occasions. On one occasion, the informant related that a certain party was using heroin daily, which the officer verified. On the other two occasions, the informant gave information which led to the arrest of persons allegedly involved in illegal narcotics transactions and to the seizure of heroin on each occasion.

Following the telephone conversation, the officer went directly to the Rossonian Hotel. He saw the defendant sitting alone in a booth towards the back of the lounge. She was wearing the purple suede coat which the informant had described. The officer and his partner, Officer Leuthauser, immediately placed the defendant under arrest and took her to police headquarters.

The officers made no search at the point of arrest because of a police department rule against male officers searching female prisoners. The defendant was instructed by the arresting officers to keep her hands in clear view en route to police headquarters where the search was to be made by a police matron. As Officers Leuthauser and Ramirez and defendant were entering the offices of the Vice Bureau, the defendant made a movement to her front coat pocket. At that point she was restrained by Officer Leuthauser and the coat pocket was searched by Officer Ramirez who recovered one balloon containing heroin. The packaging of heroin in balloons is a common practice, known to both the informant and the police officers.

The trial court, in granting defendant's motion to suppress, indicated that the information received by Officer Ramirez was not sufficient to authorize an arrest warrant in that the officer's only information had come from the confidential informant. This seems to translate into a finding of no probable cause to arrest the defendant. The defendant also argues here that failure to search her immediately vitiates the possibility of the search being made incident to the arrest, and thus it was imperative that the officers obtain a search warrant.

The same constitutional standards for determining probable cause apply whether a search or an arrest is being effected by police officers. Likewise, these standards of probable cause are applicable whether or not the officers have obtained a judicially authorized warrant to arrest or search. *People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). However, the basic constitutional rule regarding warrantless searches and seizures is that they are *per se* unreasonable, subject to a few specifically established and well-delineated exceptions. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). *See also Cady v. Dombrowski,* 41 U.S.L.W. 4995 (U.S. June 21, 1973). We believe that here the arresting officers were confronted with exigent circumstances which required immediate action. This is one of the established exceptions. As

Mr. Justice Erickson stated in *De LaCruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972):

"Time was of the essence in this case, and the police officers had the choice of either acting upon the information which they had obtained or of allowing the narcotics violation to escape detection. When police officers are prevented from securing a warrant because of time limitations such as existed here, the exigent circumstances permit arrest without the time consuming process incident to the obtaining of a warrant." 492 P.2d 627, 629.

*See also Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). C.R.S. 1963, 39-2-20 permits a warrantless arrest by a police officer when the officer has reasonable grounds for believing that the person to be arrested has committed a criminal offense.

■ In making a determination of probable cause, it is imperative that the relevant facts be judged against an objective standard, such as was set out in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and adopted by this court in *People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970) in these words:

" '. . . It is basic that an arrest with or without a warrant must stand upon firmer ground than suspicion, see *Henry v. United States,* 361 U.S. 98, 101, though the arresting officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause — which would "warrant a man of reasonable caution in the belief" that a felony has been committed, *Carroll v. United States,* 267 U.S. 132, 162 — must be measured by the facts of the particular case . . . .' " 172 Colo. 456, 460.

*See also: People v. Baird,* 182 Colo. 284, 512 P.2d 629; *People v. Treadway,* 182 Colo. 239, 512 P.2d 275; *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); *Lucero v. People,* 165 Colo. 315, 438 P.2d 693 (1968).

In *Lucero v. People, supra,* speaking through Mr. Justice Day, we stated:

"Suspicion and rumor alone would fall short of probable

cause, but either heavy or almost exclusive reliance on hearsay does not destroy the validity of an arrest. Each case must be decided on its own facts and circumstances. It is not subject to some set formula as a guide to judge the reasonableness of the arrest in issue. The question to be answered is whether an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested. *State v. Sorensen,* 270 Minn. 186, 134 N.W.2d 115." 165 Colo. 315, 320.

■ Analyzing the facts of this case under the *Spinelli-Aguilar* two-pronged test set forth in myriad prior search and seizure cases decided by this court, we conclude that probable cause existed to arrest the defendant. The statements of the informant, who had just witnessed the sales of alleged heroin by the defendant in the Rossonian Hotel Lounge, and who had been told by the defendant that the substance in the balloons was heroin, provided probable cause to believe that the defendant was engaging in illegal narcotics transactions and had heroin in her possession.

Officer Ramirez testified that information supplied by the informant on two recent occasions had directly led to arrests of persons involved in narcotics traffic and seizures of heroin. On another occasion the informant had given information regarding narcotics which was verified by the officer. The officers also verified the informant's identification of the defendant and his description of the purple suede coat she was wearing prior to her arrest. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). This constitutes sufficient evidence of the credibility of the informant and satisfies the second prong of *Spinelli-Aguilar* test.

■ Finally, the defendant argues that the search at police headquarters was too remote in time and place to be considered incident to her arrest. After her arrest, the defendant was transported immediately to police headquarters so that a female matron might conduct the search

according to police regulations. There the search was necessitated by defendant's movement toward her coat pocket which might have been a movement for a weapon or the first step in an attempt to destroy or conceal evidence. We find these facts bring the search within the principles set out in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), as the arresting officers could search to seize weapons or to prevent destruction of evidence under the defendant's immediate control. The substantially contemporaneous search was made incident to a lawful arrest. *See People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971) and *Baca v. People,* 160 Colo. 477, 418 P.2d 182 (1966). *Preston v. United States,* 376 U.S. 364, 85 S.Ct. 881, 11 L.Ed.2d 777 (1964), relied upon by the defendant is not apposite.

The ruling appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON concur in the result.

MR. JUSTICE GROVES does not participate.