## No. 26065

### The People of the State of Colorado v.
### Loretta Ann Williams
(525 P.2d 463)

Decided August 12, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, E. David Griffith, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Loretta Ann Williams appeals her conviction of possession of a narcotic drug (heroin) with intent to sell in violation of C.R.S. 1963, 48-3-20(1)(b). The sole issue is whether the arresting officers, acting on tips from anonymous and unknown informants, had probable cause to arrest appellant. We hold the arrest was without probable cause, and therefore conclude that the trial court should have suppressed statements obtained from appellant and evidence seized from her person subsequent to the arrest. Accordingly, we reverse the judgment of conviction and remand for a new trial.

The testimony at the suppression hearing reveals that appellant's arrest was predicated solely on the uncorroborated tips of unknown informants. Prior to her arrest, the Colorado Springs police department received two calls from unknown persons regarding the alleged illegal activities of one Bobby Joe Williams with respect to heroin trafficking — but

not appellant's activities. The accusations of these unknown callers never were verified.

On the date of appellant's arrest, two more calls from unknown informants came into the police department. One caller said appellant was making trips to Texas to obtain heroin. The other related that appellant would be returning from Texas that evening with heroin and would be met at the airport by Bobby Joe Williams.

The arresting officers had no known prior contact with these informants; and, moreover, they had had no independent corroboration that a crime was in fact being committed. Nevertheless, acting on this information, they proceeded to the airport and arrested appellant after she arrived at the airport and was met by Williams. On subsequent interrogation at the police station, appellant admitted she had heroin on her person, and a search by a sheriff's matron produced the contraband hidden in appellant's girdle.

Prior to trial, appellant moved to suppress this incriminating evidence. She renewed her motion at the close of the People's case and on motion for new trial. Conceding that it was a "close question," the district court nevertheless denied the motion in all three instances.

It is fundamental that an uncorroborated accusation by an informant whose identity and reliability remains untested cannot constitute probable cause. *Holbrook v. United States,* 406 F.2d 44 (10th Cir.); *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335. To establish probable cause, it must be demonstrated that, at the time the officer made the arrest, the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were such as to warrant a man of reasonable caution in believing that an offense had been committed or was being committed. *People v. Vaughns,* 182 Colo. 328, 513 P.2d 196; *People v. Nelson,* 172 Colo. 456, 474 P.2d 158.

An examination of the facts in this case reveals the arresting officers had no knowledge whatsoever of the credibility of the informants or the reliability of their information, as required by *Aguilar v. Texas,* 378 U.S. 108,

84 S.Ct. 1509, 12 L.Ed.2d 723, and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. The informants were anonymous and there is no claim they had previously given reliable information. The information imparted by them lacked the detail which would clearly manifest its reliability. Finally, the corroborating facts gathered by the officers prior to arrest confirmed only innocent incidents of the tip, *i.e.,* that appellant was on a flight from El Paso and that Bobby Joe Williams was awaiting her arrival. The officers had no independent information that either appellant or Bobby Joe Williams was involved in criminal activity apart from these anonymous telephone calls. In view of these circumstances, the warrantless arrest was not justified.

For the foregoing reasons, we conclude the officers lacked probable cause to arrest appellant. Accordingly, the trial court should have suppressed appellant's admissions made following her arrest and the evidence seized from her person. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *Collins v. Beto,* 348 F.2d 823 (5th Cir.); *People v. Moreno,* 176 Colo. 488, 491 P.2d 575.

The judgment of conviction is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.