## No. 79SA168

### The People of the State of Colorado v. Jesse (NMI) Vigil

(597 P.2d 567)

Decided July 9, 1979.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, Darrel L. Campbell, Deputy, for plaintiff-appellant.

Evans and Lipson, Allan I. Lipson, for defendant-appellee.

*En Banc.*

Per Curiam

This is an interlocutory appeal challenging the rulings of the District Court of Adams County sustaining motions to suppress physical evidence, statements and admissions by the defendant, Jesse Vigil. We reverse.

The defendant and Virgil Thomas Vigil were jointly charged with two counts of first-degree murder of Josephine B. McLennan, aggravated robbery and conspiracy. Separate trials of the two defendants have been ordered.

The evidence at the hearing on defendant's motion to suppress disclosed that on the night of November 11, 1978, Officer Mattie of the Colorado State Patrol was shot while making a routine traffic stop near Walsenburg, Huerfano County, Colorado. Officer Mattie informed fellow officers that two suspects fled the scene in an automobile described as a green and white Cadillac with Dakota license plates. He described the driver of the vehicle as having a dark complextion, with long black hair and wearing a black or navy blue coat. The passenger was described as having lighter hair and wearing a red and black plaid coat. This information was communicated by police radio to the officers who later arrested the defendant, Jessie Vigil.

Later during the night, an unnamed citizen who lived in the vicinity of the Johnson ranch advised the State Patrol that a green and white Cadillac, bearing North Dakota license plates was abandoned on Rousse Road, a county road running west from I-25, at a point where Rousse Road intersects with the road into the Johnson ranch. In response to this information, at approximately 6:00 a.m. on November 12, three State Patrol cars containing four patrolmen, a sheriff's deputy and a Walsenburg police officer, proceeded out Rousse Road toward the Johnson ranch. Approximately nine miles from I-25 on Rousse Road, the defendant, who was wearing a red and black plaid jacket and generally matched the description of one of the suspects, was observed walking from the direction of the reported location of the green and white Cadillac.

The defendant was arrested, placed in handcuffs, and his clothing was patted down. As a result of the patdown, a .22-caliber pistol was removed from the defendant's jacket pocket. The defendant was then removed to the Huerfano County Jail and held for investigation of the offense against Officer Mattie.

Shortly after the defendant was arrested, the police found the abandoned green and white Cadillac approximately three miles west, at the entrance to the Johnson ranch. The Cadillac was towed to a garage and impounded, where an inventory search was conducted.

On November 12 at the county jail, the defendant, in the presence of his father, was given a full and complete *Miranda* advisement. The father urged his son to tell the truth, and the defendant then gave a full statement regarding the shooting of Officer Mattie.

The alleged murder of Josephine B. McLennan occurred in Adams County on or about November 6, 1978. Detective Jan Brace of the Commerce City Police Department learned that defendant, Jesse Vigil, was being held in Huerfano County as a suspect in the shooting of Officer Mattie. Her information was that a .22-caliber pistol had been found on the defendant and that a .32-caliber bullet had been removed from Officer Mattie who had been shot. These calibers matched the calibers of weapons which had allegedly been taken from the McLennan home at the time of the homicide. Since the Commerce City homicide investigation had previously focused upon the defendant as a suspect, Detective Brace drove to Walsenburg to question him. Thereafter, the defendant was transported to the Colorado State Patrol headquarters for questioning. Detective Brace advised the defendant and his father, both orally and in writing, of their *Miranda* rights. Again, the father urged his son to tell the truth and the defendant made a statement regarding his involvement with Virgil Vigil in the McLennan homicide, as well as the shooting of Officer Mattie.

On November 16, Detective Brace obtained a warrant to search the green and white Cadillac, based on the information she had obtained during her investigation and, pursuant to the search warrant, a number of items believed to be relevant to the Commerce City homicide were seized.

Pursuant to the defendant's motion, the court suppressed the statements and physical evidence obtained as a result of the Huerfano County arrest as to the defendant Jesse Vigil, holding that the arrest was without probable cause and was therefore illegal. The court reasoned that the weapon seized at the time of the arrest, the statements which were obtained subsequent thereto, and the items taken from the Cadillac were all tainted by the illegal arrest. The court suppressed them as to defendant Jesse Vigil.

The court further ruled that the impounding of the Cadillac was proper; that the State Patrol officers had a right to make the inventory search; that the search warrant obtained by Detective Brace was valid, except as to Jesse Vigil, "for the information obtained was illegal insofar as he is concerned."

■ We agree with the district attorney that the court erred in concluding that the warrantless arrest of the defendant was illegal. We do not find it necessary to reiterate the firmly established principles so often expounded by this court relating to the fundamental concept of probable cause. Suffice it to say that *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965), and its progeny make it clear that a warrantless arrest is authorized if the information possessed by the arresting officer is

sufficient to warrant a reasonably cautious and prudent police officer in believing, in light of his training and experience, that an offense has been committed and that the person arrested committed it. *People v. Gonzales,* 186 Colo. 48, 525 P.2d 1139 (1974); *People v. Vaughns,* 182 Colo. 328, 513 P.2d 196 (1973).

Here, the arresting officers had reliable information from a fellow officer who had been the victim of an assault that the automobile used in the commission of the offense was a green and white Cadillac with license plates of either North or South Dakota. They had descriptions of two assailants. In searching for the Cadillac, they encountered a lone male person approaching from the reported location of the car, who answered the general description given to them and who was wearing a red and black plaid coat similar to that described by Officer Mattie. In our view, clearly the officers had probable cause to arrest the defendant without a warrant, especially so, in view of the flight of the defendant and his confederate from the scene of the crime and the exigent circumstances then existing.

Since the arrest was lawful, it was error for the court to grant the motion to suppress the physical evidence seized and the statements and admissions of the defendant.

Accordingly, the ruling is reversed and the cause is remanded for further proceedings.