The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Edward HART, Defendant–Appellant.

No. 87CA1408.

Colorado Court of Appeals,
Div. V.

Sept. 21, 1989.

Rehearing Denied Oct. 19, 1989.

Certiorari Denied Feb. 5, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Emerson B. Semple and David J. Mintz, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Edward Hart, appeals from the judgment of conviction entered following a trial to the court finding him guilty of possession and distribution of a schedule II controlled substance (cocaine). He contends that the trial court erred by denying his motion to suppress evidence of a conversation overheard by police from an adjoining motel room. He also contends that the trial court erred in convicting him of distribution of cocaine on the theory that he was an accomplice. We affirm in part and reverse in part.

Following an informer's tip, the police began an undercover narcotics investigation of Nelson Enriquez, who lived in Florida, and defendant Hart, who lived in Colorado. During police surveillance of defendant's mother's house, an officer saw two persons matching the descriptions of Enriquez and his reputed girlfriend, Gonzales, park and approach the front door of the home. After briefly talking with someone at the front door, the two persons returned to their car and drove away. The officer followed them to a motel and requested the assistance of other officers.

Subsequently, the police contacted the motel manager and confirmed that two per-

sons matching the description of Enriquez and Gonzales were occupying room 111. The officers obtained permission from the manager to occupy the adjacent room, number 112. Upon entering room 112, the officers discovered that they could hear the sounds of muffled conversation coming from room 111 through a common door to the adjoining rooms.

The next morning the defendant arrived at the motel in a truck and entered room 111. A few minutes later he left the room, returned to the truck, and retrieved a package, which he brought back to room 111. An officer in room 112 then heard a deep male voice from room 111 say, "23 five," and, "Pay for one now, pay for one later," followed by sounds which led him to believe that money was being counted.

Defendant then left room 111 carrying a white paper sack, drove off in the truck, and promptly was arrested by another member of the police surveillance team, who was in radio contact with those in room 112. The arresting officer saw a package on the floorboard of the truck. He informed the officers in room 112 that defendant had a package in his possession. The officers then entered room 111 and arrested Enriquez and Gonzales.

The police obtained warrants to search defendant's truck and room 111. Officers seized from the truck a package containing nearly two kilograms of cocaine, a small quantity of cocaine in a briefcase, and an electronic scale. They seized from the motel room $27,000 in cash, a small quantity of cocaine, and a napkin with numbers written on it.

Defendant was charged with possession, distribution, and conspiracy to distribute cocaine. After the trial court denied defendant's motion to suppress certain evidence, defendant waived his right to a jury trial and proceeded to a trial to the court on stipulated facts. Pursuant to the stipulation, the People did not offer any evidence on the conspiracy to distribute charge, and thus, the court found defendant not guilty of that charge. The court, however, found defendant guilty of one count of possession of cocaine and one count of distribution of cocaine on the theory that he was a complicitor in Enriquez and Gonzales' distribution of cocaine to him.

## I.

### A.

Defendant contends that the trial court erred in denying his pre-trial motion to suppress evidence of the conversation overheard by the police officers in the adjoining motel room. He argues that the officers conduct constituted a search without a warrant in violation of the Fourth Amendment. We disagree.

In determining whether the Fourth Amendment warrant requirement applies, the threshold issue is whether a particular governmental activity is a "search" within the meaning of the Fourth Amendment. The applicability of the Fourth Amendment depends on "whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by governmental action." *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979).

As a general proposition, when a police officer sees something in plain view from a vantage point at which he is lawfully present, the officer's observations do not constitute a "search" within the purview of the Fourth Amendment. 1 W. LaFave, *Search and Seizures: A Treatise on the Fourth Amendment* § 2.2 (2d ed. 1987). *See People v. Donald,* 637 P.2d 392 (Colo. 1981); *People v. Gomez,* 632 P.2d 586 (Colo.1981).

Likewise, when a police officer overhears a conversation without the aid of any listening device, from a vantage point at which he is legally present, the officer's use of his sense of hearing does not constitute a Fourth Amendment search. There is no reasonable expectation of privacy in a conversation that can be heard without the assistance of an artificial device. *United States v. Hessling,* 845 F.2d 617 (6th Cir. 1988). *See United States v. Agapito,* 620 F.2d 324 (2d Cir.1980), *cert. denied,* 449

U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980).

■ If, as here, police officers are lawfully situated in a motel room and can hear, unaided by any artificial, mechanical, or electronic device, a conversation in an adjoining room, there is no "search" within the meaning of the Fourth Amendment. *United States v. Hessling, supra; United States v. Agapito, supra;* see *United States v. Burns,* 624 F.2d 95 (10th Cir. 1980) (police officer situated outside hallway door of motel room). Hence, no search warrant was required.

## B.

■ Defendant next contends that evidence of the conversation overheard by the police was obtained in violation of the eavesdropping statute, § 18–9–304, C.R.S. (1986 Repl.Vol. 8B), and that the prosecutor's use of such evidence should have been suppressed as an unlawfully intercepted oral communication in accordance with § 16–15–102(10), C.R.S. (1986 Repl.Vol. 8A). We disagree.

Section 18–9–304(1)(a), C.R.S. (1986 Repl. Vol. 8B) provides that a person commits eavesdropping if, while not being visibly present during a conversation or discussion, he knowingly overhears such conversation or discussion, without the consent of at least one of the principal parties thereto. A "conversation or discussion" is synonymous with the term "oral communication," which is defined in § 18–9–301(8), C.R.S. (1986 Repl.Vol. 8B), as "any oral communication uttered by any person believing that the communication is not subject to interception under circumstances justifying such belief." See *People v. Blehm,* 44 Colo.App. 472, 623 P.2d 411 (1980); *see also* § 16–15–101(8), C.R.S. (1986 Repl.Vol. 8A) (defining "oral communication" in substantially similar language).

It is the function of the trial court to determine factual issues presented by a motion to suppress. *People v. Duncan,* 176 Colo. 427, 498 P.2d 941 (1971). If a trial court's findings of fact are supported by adequate evidence in the record, they will not be disturbed on review. *People v. Donnelly,* 691 P.2d 747 (Colo.1984).

Here, the trial court correctly concluded that the eavesdropping statutes require application of both a subjective and an objective test to determine whether a person's conversations and discussions qualify as protected "oral communications." See *United States v. McIntyre,* 582 F.2d 1221 (9th Cir.1978) (interpreting federal statutes with similar language).

In determining that the defendant's expectation of privacy was not objectively reasonable, the court made specific findings as to the nature of the adjoining rooms, the nature of the common wall and the connecting door between them, the transitory nature of motel occupancy, the likelihood that occupants of adjoining rooms would have dissimilar and possibly adverse interests, and the volume of the conversation in question. Based upon the totality of that evidence, the court found that defendant's expectation of privacy was not reasonably justified.

Inasmuch as the trial court's findings are supported by evidence in the record and its conclusions are based upon a proper application of legal principles and standards, we conclude that the court did not err in denying defendant's motion to suppress based upon § 18–9–304 and § 16–15–102(10).

## C.

■ Defendant next asserts that the court erred in denying his pre-trial motion to suppress the evidence seized from his truck on the basis that it was the product of an illegal arrest. However, we agree with the trial court that probable cause existed for the police to arrest defendant without a warrant and, thus, find no error. *People v. Vigil,* 198 Colo. 185, 597 P.2d 567 (1979).

## II.

■ Defendant maintains that the trial court erred in finding him guilty of distribution of cocaine in violation of § 18–18–105(1), C.R.S. (1986 Repl.Vol. 8B) based upon a theory that he was a complici-

tor in Enriquez and Gonzales' distribution of cocaine to him. We agree.

Complicity is a theory by which a defendant becomes accountable for a criminal offense committed by another. *People v. Thompson,* 655 P.2d 416 (Colo.1982). However, § 18–1–604(1), C.R.S. (1988 Cum. Supp.) establishes two exemptions from liability based upon a criminal offense committed by another. That section provides:

> "Unless otherwise provided for by the statute defining the offense, a person shall not be legally accountable for behavior of another constituting an offense if he is a victim of that offense or the offense is so defined that his conduct is inevitably incidental to its commission."

Accordingly, here, the second exception in the statute presents the issue whether defendant's conduct in buying cocaine is inevitably incident to the commission of the crime of distribution as framed by the definition of the crime.

Section 18–18–105(1), C.R.S. (1986 Repl. Vol. 8B) provides that it is "unlawful for any person knowingly or intentionally to ... distribute with or without remuneration, a controlled substance...." "Distribution" means "to deliver a controlled substance ..." which includes "actual, constructive, or attempted transfer of a controlled substance...." Sections 12–22–303(8) and (12), C.R.S. (1985 Repl.Vol. 8B).

Thus, as framed by the definition of the crime of distribution, the conduct of one who takes delivery of the controlled substance is "inevitably incident" to the criminal conduct of one who delivers the controlled substance. Hence, a person who takes delivery of a controlled substance by purchase is exempt from liability as a complicitor for the crime of distribution committed by a person delivering the controlled substance to him.

The judgment of conviction for possession of a controlled substance is affirmed; the judgment of conviction for distribution of a controlled substance is reversed; and the cause is remanded with instructions to amend the mittimus to conform with the views expressed herein.

METZGER and CRISWELL, JJ., concur.