The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

David Armando CONTRERAS, Defendant–Appellee.

No. 89SA25.

Supreme Court of Colorado, En Banc.

Oct. 16, 1989.

James F. Smith, Dist. Atty., and Michael J. Milne, Sr. Deputy Dist. Atty., Brighton, for plaintiff-appellant.

Aronson, Stanard & Winters, Mark A. Stanard, Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

Pursuant to C.A.R. 4.1, the prosecution appeals an order granting the defendant's motions to suppress evidence and statements on the grounds there was no probable cause to arrest the defendant. The trial court erred in not considering an anonymous tip as part of the totality of the circumstances. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

### I.

The defendant, David Armando Contreras, was charged by information with theft of motor vehicle parts, section 42–5–104, 17 C.R.S. (1988 Supp.), and conspiracy to commit theft of motor vehicle parts, section 18–2–201, 8B C.R.S. (1986). The defendant was bound over for trial on October 11, 1988, after a preliminary hearing.

On October 14, 1988, the defendant filed a motion to suppress evidence taken from the trunk of his car asserting that the search "was not made pursuant to a valid arrest warrant, nor were there probable cause or exigent circumstances justifying a warrantless search...." The defendant also claimed that "certain incriminating statements" he made to the police officers were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

At an evidentiary hearing, the prosecution established that on August 9, 1988, officers of the Adams County Sheriff's De-

partment were dispatched to 7720 East 84th Avenue in Adams County on an anonymous report of a car strip in progress. An anonymous caller reported a car strip in progress at that address with the suspects loading car parts into a truck and a purple car. Before the officers arrived at the scene, the dispatcher informed them that the truck had left, but the car was still there.

When Officer Kennedy arrived, he saw a purple car with four occupants parked at the East 84th Avenue address. He saw a red Camaro, with some of its wheels and its "T-tops"[1] missing, on blocks in back of the house at 7720 East 84th Avenue. The defendant got out of the purple car and started walking towards him. When asked where he was going, the defendant replied "to a neighbor's house." Kennedy ordered him to stop and then inspected the Camaro. He found that it was missing its stereo as well as all four wheels and the "T-tops," and saw a large screwdriver laying on the ground next to the car. After reporting the Camaro's vehicle identification number to the dispatcher, Kennedy learned the car had been stolen in Jefferson County.

Three other sheriff's department officers arrived shortly after Kennedy. One officer, Sergeant Grannis, noted the missing parts and observed that the Camaro's steering column had been broken in order to obtain access to the ignition switch. Grannis asked the defendant if he was the owner of the purple car. When the defendant said that he was, Grannis placed him under arrest, advised him of his *Miranda*[2] rights, and informed him that his car would be inventoried and towed.

After the defendant was placed under arrest, the other occupants of the purple car were removed and arrested. The purple car was then inventoried by the officers pursuant to Adams County Sheriff's procedures. When inventorying the car's trunk, the officers discovered two "T-tops" and a car stereo.

At approximately the same time, the officers learned that the address was located within Commerce City's jurisdiction and advised the Commerce City Police Department of the arrest, and requested that it complete the investigation. Detective Snelling of the Commerce City Police Department subsequently questioned the defendant. After again being informed of his *Miranda* rights and signing a waiver, the defendant stated that he had met a man named Royce who was driving the red Camaro. The defendant said that Royce told him that he had sold some speakers. The defendant and Royce proceeded to the Adams County address, where Royce started stripping the Camaro while the defendant remained in his car. After making the statement, the defendant consented in writing to a search of his car. The Commerce City Police Department removed the items from the trunk of defendant's car, and retained them as evidence.

In ruling on the defendant's motions, the trial court found that the sheriff's officers lacked probable cause to arrest the defendant, and that anything obtained after the arrest is "fruit of the poisonous tree." The court concluded that no reliability attaches to an anonymous tip and that the officers had no reasonable basis to suspect the defendant of criminal activity apart from the tip. Accordingly, the trial court granted the defendant's motions, and suppressed the evidence taken from the trunk of defendant's car and the statements he made after his arrest.

The prosecution contends that the trial court erred in finding a lack of probable cause to arrest the defendant because the sheriff's officers had an articulable suspicion to support their investigatory stop. Following the stop, the officers' observations and contact with the defendant at the scene of the crime provided probable cause for arrest. If the arrest was valid, the statements of the defendant and the evidence taken from the trunk of the defendant's car were erroneously suppressed.

---

1. A "T-top" is a section of a car roof that may be removed to give the open air effect of a convertible. A car so equipped has two "T-tops."

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## II.

A police officer may stop a person for investigatory purposes without probable cause to arrest. Such a stop does not violate the fourth amendment of the United States Constitution or art. II, section 7 of the Colorado Constitution, if supported by the factual foundation required by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971). Conflicting societal and individual interests are implicated by a police investigatory stop. *People v. Smith*, 620 P.2d 232, 235 (Colo.1980). *See generally* 3 W. Lafave, *Search and Seizure* § 9.1, at 333–48 (2d ed. 1987).

For an investigatory stop to be constitutionally valid, we have stated that: (1) there must be an articulable and specific basis in fact for suspecting that criminal activity has taken place, is in progress, or is about to occur; (2) the purpose of the intrusion must be reasonable; and (3) the scope and character of the intrusion must be reasonably related to its purpose. *E.g., People v. Savage*, 698 P.2d 1330, 1334 (Colo.1985); *Stone v. People*, 174 Colo. at 509, 485 P.2d at 497.

■ Before making a *Stone* stop a police officer must have "an articulable and specific basis in fact" for suspecting that an individual is engaging or has engaged in criminal activity. *Id.* In determining whether an investigatory stop violated constitutional standards, the totality of the circumstances must be considered. *People v. Bell*, 698 P.2d 269, 272 (Colo.1985); *People v. Hazelhurst*, 662 P.2d 1081, 1084 (Colo.1983). The facts known to the officer at the time of the stop and any reasonable inferences drawn from the facts must be considered. *People v. Savage*, 698 P.2d at 1334; *People v. Thomas*, 660 P.2d 1272, 1275 (Colo.1983).

■ An anonymous tip, standing alone, lacks sufficient indicia of reliability to establish the reasonable suspicion needed to support an investigatory stop. *Compare People v. McPherson*, 191 Colo. 81, 550 P.2d 311 (1976) (stop invalid where only information was anonymous tip reporting a house involved in narcotics sales and defendant emerged from that house) *with People v. Mathis*, 189 Colo. 534, 542 P.2d 1296 (1975) (stop valid where tip came from identified citizen informant). However, when an anonymous tip is corroborated by observations of the investigating police officers, the tip and the corroborating observations must be considered together to determine whether grounds existed for an investigatory stop. *United States v. Aldridge*, 719 F.2d 368, 371 (11th Cir.1983); *United States v. White*, 648 F.2d 29, 41 (D.C.Cir. 1981).

■ The anonymous tip, corroborated by the officers' observations at the scene, provided a specific and articulable basis in fact to suspect that the defendant committed a crime.

The purpose and the scope of the investigatory stop must be reasonable. In this case, the purpose of the stop was to freeze the investigation scene in order to determine if the defendant was involved in criminal activity. *See People v. Melgosa*, 753 P.2d 221, 226 (Colo.1988). The defendant was told to remain where he was while the officers examined the Camaro. Such a "brief and cursory" detention is not unreasonable. *Cf. People v. Hazelhurst*, 662 P.2d 1081 (Colo.1983) (detention for twenty to thirty minutes while waiting for investigating officer unreasonable).

## III.

■ Therefore, the question is whether the trial court erred in finding that the Adams County Sheriff's Department officers did not have probable cause to arrest the defendant. The arrest was proper if the officer had probable cause, based upon his experience and training, to reasonably believe that a crime was or is being committed by the accused. *E.g., People v. Villiard*, 679 P.2d 593, 597 (Colo.1984); *People v. Vigil*, 198 Colo. 185, 187–88, 597 P.2d 567, 569 (1979). Mere suspicion is not enough. *People v. Gomez*, 193 Colo. 208, 210, 563 P.2d 952, 953 (1977).

In determining whether the information available to the officer at the time of arrest is sufficient to support a finding of proba-

ble cause, the "totality of the circumstances" must again be considered. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *People v. Pannebaker,* 714 P.2d 904, 907 (Colo. 1986).[3] Prior to *Illinois v. Gates,* the two-prong test for probable cause set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), required a showing of the basis of an informant's knowledge and a demonstration of the informant's veracity and reliability. *Aguilar v. Texas,* 378 U.S. at 114, 84 S.Ct. at 1514; *Spinelli v. United States,* 393 U.S. at 416, 89 S.Ct. at 589. The United States Supreme Court has rejected a rigid application of this test. *Illinois v. Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33. Instead, the basis of the informant's knowledge and the informant's veracity and reliability are important, and are closely related considerations to be taken into account when determining if probable cause exists. *Id.; People v. Grady,* 755 P.2d 1211, 1215 (Colo.1988). Weakness in one area may be compensated by strength in another, "or by some other indicia of reliability." *Illinois v. Gates,* 462 U.S. at 230, 103 S.Ct. at 2328. The "totality of the circumstances" test for probable cause, as set forth in *Illinois v. Gates,* was followed by this court in *People v. Pannebaker,* 714 P.2d at 907.

Also important in the "totality of the circumstances" test is corroboration of the informant's tip by information gained from independent police investigation. *Illinois v. Gates,* 462 U.S. at 241, 103 S.Ct. at 2334. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *People v. Rowerdink,* 756 P.2d 986 (Colo.1988). Corroboration of an anonymous tip with facts learned by an investigating officer, while possibly not satisfying a rigid application of the *Aguilar–Spinelli* test, is sufficient for "the practical, common-sense judgment called for in making a probable cause determination." *Illinois v. Gates,* 462 U.S. at 244, 103 S.Ct. at 2335.

## IV.

In granting the defendant's motions to suppress, the trial court considered the officers' testimony as to what they saw, and found that the anonymous tip was too unreliable to be considered. The trial court relied on the *Aguilar–Spinelli* test and failed to address *Illinois v. Gates* and *People v. Pannebaker.* The corroboration of the anonymous tip by the investigating officers, coupled with the officers' testimony provided probable cause to arrest the defendant. The subsequent search of the trunk of the defendant's car was proper as an inventory search. *See Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987). Since the arrest was supported by probable cause, the fruit of the poisonous tree argument fails and the defendant's statements were also erroneously suppressed.

Accordingly, the order of the trial court granting the defendant's motions to suppress is reversed and the case is remanded for further proceedings consistent with this opinion.

---

**3.** Both *Illinois v. Gates* and *People v. Pannebaker* involved the determination of probable cause in the context of issuance of a search warrant. In this case, we are addressing the issue of probable cause to arrest. Although the ultimate conclusion may be different in each case, the quantum of proof needed for a finding of probable cause is the same. *See generally* 1 W. LaFave, *Search and Seizure* § 3.1, at 544 (2d ed. 1987).