The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Stephan Paul SHEPARD,
Defendant–Appellee.

No. 98SA205.

Supreme Court of Colorado,
En Banc.

June 28, 1999.

James J. Peters, District Attorney, Eighteenth Judicial District, John Topolnicki, Chief Deputy District Attorney, Joo–Yung (J.Y.) Kang, Englewood, Colorado, Attorneys for Plaintiff–Appellant.

Seawell, Gilbertson, & Graf, Malcom B. Seawell, Vincent D. Buckmelter, Denver, Colorado, Attorneys for Defendant–Appellee.

Chief Justice MULLARKEY delivered the Opinion of the Court.

The People appeal an order entered by the Douglas County District Court dismissing a charge of wiretapping prohibited, see § 18–9–303(1)(e), 6 C.R.S. (1997), against defendant, Stephan Paul Shepard (Shepard). The trial court dismissed the charge because it found the statute unconstitutionally overbroad on its face and as applied to Shepard. We hold that section 18–9–303(1)(e) is constitutional on its face and as applied to Shepard's alleged conduct. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

I.

The People charged Shepard with wiretapping prohibited, see § 18–9–303(1)(e), in connection with an incident of alleged domestic violence that arose from a day-long argument between two parents, Shepard and his wife, Yolanda, that culminated in a struggle over a small camping hatchet. The Shepards' daughter, Stephanie, told a police officer, who had been called to the scene, that she had attempted to call 911 during the argument but that Shepard had prevented her from doing so by cutting the phone cord.[1] Stephanie later recanted her claim that she had tried to call 911, and stated that she had merely tried to call a friend but discovered that the phone was unplugged.

The officer testified that when he searched the house, he discovered that the phone lines had been cut, not unplugged. A second officer testified that when he arrived at the scene, Yolanda Shepard told him that Shepard had cut the phone cord while Stephanie tried to call 911. This officer corroborated the first officer's discovery of the cut telephone lines. The Police arrested Shepard that evening and charged him with wiretapping prohibited, a class 6 felony, see § 18–9–303(1)(e), and harassment, a class 3 misdemeanor, see § 18–9–111(1)(a), 6 C.R.S. (1997). The incident occurred on September 20, 1997.

Before trial, Shepard moved to dismiss the wiretapping prohibited charge alleging that section 18–9–303(1)(e) is unconstitutionally vague. On March 2, 1998, the trial court held a hearing on that motion. After the hearing, the trial court determined that the statute does not fail because of vagueness. However, it concluded that the statute is unconstitutionally overbroad because it covers situations in which the obstruction or prevention of a telephone call is not criminal. As such, the trial court dismissed the charge of wiretapping prohibited. The People appealed directly to this court pursuant to section 13–4–102(1)(b), 5 C.R.S. (1997), and section 16–12–102(1), 6 C.R.S. (1997). The trial court stayed the remaining charge pending this appeal.

II.

The People raise three issues on appeal. As an initial matter, the People claim that Shepard does not have standing to make a facial challenge to the wiretapping statute because the statute is constitutional as applied to his conduct. In the alternative, the People assert that even if Shepard does have standing, the statute is neither unconstitutionally overbroad nor unconstitutionally vague.[2]

---

1. A friend of Yolanda Shepard called the police after the camping hatchet incident. At the time of the call, Yolanda Shepard was at the friend's home.

2. Because the trial court ruled that the statute is not unconstitutionally vague, the People cannot properly raise the vagueness question before this court. The People and counsel for Shepard conceded this point in oral arguments.

## A.

■ The overbreadth doctrine is used primarily as a means to challenge statutes that threaten the exercise of fundamental or express constitutional rights. *See People v. Rowerdink,* 756 P.2d 986, 990 (Colo.1988); *People v. Garcia,* 197 Colo. 550, 552, 595 P.2d 228, 230 (1979). A statute is facially overbroad if, in addition to proscribing conduct that is not constitutionally protected, its proscriptions sweep in a substantial amount of activity that is constitutionally protected. *See Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *People v. Baer,* 973 P.2d 1225, 1231 (Colo. 1999); *Ferguson v. People,* 824 P.2d 803, 807 (Colo.1992). Because a party whose conduct is legitimately proscribed may also raise the rights of others not before the court, the overbreadth of the statute must be real and substantial, judged in relation to the statute's plainly legitimate sweep. *See Ferguson,* 824 P.2d at 808.[3]

■ If such facial overbreadth is established, the statute will be struck down unless the state can demonstrate that the statute is necessary to promote a compelling governmental interest. *See id.* at 807. If the overbreadth is not real and substantial, the statute is presumed to be constitutional and the party challenging the statute must prove beyond a reasonable doubt that the statute lacks a rational relationship to a legitimate governmental interest. *See id.* at 808.

## B.

Section 18–9–303(1)(e) provides in relevant part:

(1) Any person not a sender or intended receiver of a telephone or telegraph communication commits wiretapping if he:

. . . .

(e) Knowingly prevents, obstructs, or delays, by any means whatsoever, the sending, transmission, conveyance, or delivery in this state of any message, communication, or report by or through any telegraph or telephone line, wire, cable, or other facility or any electronic, mechanical, or other device.

§ 18–9–303(1)(e).

The trial court, in applying the overbreadth analysis, held that section 18–9–303(1)(e) legitimately proscribes conduct such as that alleged in this case, where one person prevents another from contacting law enforcement to report a crime in progress. However, the trial court held that the statute is overbroad because the statute sweeps in a broad range of constitutionally protected conduct. In support of this conclusion, the trial court provided two examples of such protected conduct: when a parent disciplines a child by removing a telephone from the child's room and when a parent forcibly hangs up the phone to prevent a child from making an unauthorized long-distance call. As an additional example, the trial court pointed to the facts of this case and held that even as applied to Shepard, the statute fails because a jury could find Shepard guilty of wiretapping prohibited based on its· conclusion that Shepard·prevented his daughter from calling a friend, even though the People intended to charge Shepard for his alleged obstruction of the 911 call.

■ We do not need to reach the question of whether a parent's decision to hang up on or disconnect a child's telephone call is con-

---

**3.** Although it is a general rule of constitutional analysis that when a statute is constitutional as applied to a particular individual, that individual may not raise a claim that the statute is unconstitutional as applied to others in situations not before the court, *see Broadrick,* 413 U.S. at 610, 93 S.Ct. 2908, courts have recognized an exception to this rule when an individual brings a facial challenge to the statute asserting a violation of the First Amendment. *See id.* at 611, 93 S.Ct. 2908; *Baer,* 973 P.2d at 1231. This exception prevents the chilling of First Amendment rights because it protects those members of soci-

ety who avoid engaging in protected conduct out of fear that they could be punished under the statute. *See Secretary of State of Md. v. Joseph H. Munson Co., Inc.,* 467 U.S. 947, 956–57, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984); *Baer,* 973 P.2d at 1231. In Colorado, we have extended this rule of standing to raise third party claims on a facial challenge from the First Amendment to all fundamental constitutional rights. *See Ferguson,* 824 P.2d at 807. Therefore, the People's claim that Shepard does not have standing to make a facial challenge to the statute necessarily fails.

stitutionally protected. We reach this conclusion because we find that even if such conduct is constitutionally protected, the wiretapping statute's potential proscription on such conduct is not real and substantial as compared to the statute's prohibition of a whole range of easily identifiable and constitutionally proscribable conduct. *See Baer*, 973 P.2d at 1232. In the broadest of terms, section 18–9–303(1)(e) proscribes the obstruction of telephone or telegraph transmissions. Not only is such a proscription easily identifiable, it is also a constitutionally legitimate means of protecting private telephone calls.[4]

■ In contrast, the possibility that the statute infringes upon a parent's right to privacy in familial matters is slight. Although parents have a right to privacy in matters related to child-rearing and family relationships, *see Prince v. Massachusetts*, 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Watso v. Colorado Dep't of Soc. Servs.*, 841 P.2d 299, 306–07 (Colo.1992), this right is not absolute. *See Prince*, 321 U.S. at 166, 64 S.Ct. 438; *Watso*, 841 P.2d at 307. As the Court stated in *Prince:*

> It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder. And it is in recognition of this that these decisions have respected the private realm of family life which the state cannot enter. But the family itself is not beyond regulation in the public interest.... Acting to guard the general interest in youth's well being, the state as parens patriae may restrict the parent's control by requiring

school attendance, regulating or prohibiting the child's labor, and in many other ways.

*Prince*, 321 U.S. at 166, 64 S.Ct. 438 (citations omitted). In Colorado, the state has demonstrated a substantial interest in ensuring that children are not subject to abuse or neglect. *See Watso*, 841 P.2d at 309. As such, the General Assembly has restricted parental control in areas of abuse or neglect by making it a crime of child abuse for any person to "permit[ ] a child to be unreasonably placed in a situation which poses a threat of injury to the child's life or health." § 18–6–401, 6 C.R.S. (1998). In addition, the General Assembly has provided for the termination of parental rights in certain situations when the child has been adjudicated dependent or neglected. *See* § 19–3–607, 6 C.R.S. (1998). Both examples demonstrate that in order to protect a child's well-being, the state may restrict parental control. Given that fact, any infringement of parental control in the wiretapping context would likely be slight.

In light of the state's power to place some restrictions on parental control, we do not believe the potential infringement on familial privacy is real and substantial judged in relation to the statute's plainly legitimate proscriptions on wiretapping. Therefore, we hold that section 18–9–303(1)(e) of the wiretapping prohibited statute is not facially overbroad as infringing on fundamental or express rights.

■ Although we have found that section 18–9–303(1)(e) is not facially overbroad, we must still consider whether the statute bears

---

4. Wiretapping was proscribed in the federal system prior to the adoption of our statute in 1971. *See* Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511 (1994). Specifically, 18 U.S.C. § 2511(1)(a) states that:

> (1) Except as otherwise specifically provided in this chapter any person who—
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
> . . . .
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).
> . . . .

> (4) ... whoever violates subsection (1) of this section shall be fined under this title or imprisoned not more than five years, or both. *Id.* This provision was held to be constitutional as a protection of the right to privacy. *See United States v. Perkins*, 383 F.Supp. 922, 926–27 (N.D.Ohio 1974). Article II, section 7 of the Colorado Constitution is more protective of certain rights of privacy than the Fourth Amendment of the United States Constitution. *See Henderson v. People*, 879 P.2d 383, 390 (Colo. 1994). Therefore, a statute that protects society's reasonable expectation in the privacy of the transmission of their telephone calls, is in accordance with our interpretation of article II, section 7.

a rationale relationship to a legitimate government interest. *See Ferguson*, 824 P.2d at 808. As we noted earlier, Article II, section 7 of the Colorado Constitution is more protective of certain rights of privacy than the Fourth Amendment of the United States Constitution. *See supra* note 4; *see also Henderson v. People*, 879 P.2d 383, 390 (Colo. 1994). Preventing the obstruction of private telephone calls, especially during an episode of domestic violence, is reasonably related to the public health, welfare, or safety. Therefore, the statute's proscription on wiretapping is within the state's police power, and section 18–9–303(1)(e) of the wiretapping prohibited statute is not overbroad.

█ Finally, we hold that Shepard has failed to prove that section 18–9–303(1)(e) is unconstitutional as applied to his alleged conduct. Where a case is dismissed before trial, and thus the facts have not been determined, we analyze an as-applied challenge by looking to the prosecution's allegations and assume them to be true. *See also Baer*, 973 P.2d at 1233 (relying on the affidavit underlying the arrest warrant to analyze the defendant's as-applied challenge). The prosecution alleges that Shepard severed the telephone line during an incident of domestic violence to prevent a call for emergency assistance. As applied to that conduct, the statute is clearly constitutional because the state has a legitimate interest in attempting to protect victims of domestic violence. Since Shepard has not established beyond a reasonable doubt that the statute is unconstitutional as applied to his conduct, we reject his as-applied challenge.

### III.

We hold that section 18–9–303(1)(e) is constitutional on its face and as applied to Shepard's alleged conduct. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Justice SCOTT does not participate.