The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Eugene RICHARDSON, Defendant–Appellee.

No. 98SA330.

Supreme Court of Colorado, En Banc.

June 28, 1999.

Alexander M. Hunter, District Attorney, Twentieth Judicial District, D.D. Mallard, Deputy District Attorney, William F. Nagel, Deputy District Attorney, Boulder, Colorado, Attorneys for Plaintiff–Appellant.

Mark T. Langston, P.C., Mark T. Langston, Boulder, Colorado, Attorneys for Defendant–Appellee.

Chief Justice MULLARKEY delivered the Opinion of the Court.

The People appeal an order entered by the Boulder County District Court dismissing a charge of wiretapping prohibited, see § 18–9–303(1)(e), (2), 6 C.R.S. (1997), against defendant, Eugene Richardson. The trial court dismissed the charge because it found the statute unconstitutionally overbroad on its face relying on the decision of the trial court in *People v. Shepard*, 97 CR 508, Div. 2 (Dist. Ct. Douglas County, Apr. 15, 1998). The trial court also held that section 18–9–303 violates the Equal Protection Clause of the United States and Colorado Constitutions because it sets different degrees of punishment depending upon whether the wiretapping involved a corded or cordless phone. *See*

§ 18–9–303(2), 6 C.R.S. (1997). Applying our decision in *People v. Shepard*, 983 P.2d 1, (Colo. 1999), we hold that section 18–9–303(1)(e) is not facially overbroad. In addition, we hold that the sections 18–9–303(1)(e) and 18–9–303(2) do not violate equal protection. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

## I.

The People charged Richardson with wiretapping prohibited, see § 18–9–303(1)(e), in connection with an incident of alleged domestic violence that occurred on the evening of January 20, 1998. On that night, Richardson allegedly attacked his live-in girlfriend (S.S.). S.S. alleges that when she attempted to call 911 during the attack, Richardson stated, "You are not calling anybody," grabbed the phone from her hand, tried to pull the cord from the wall, and, when he was unsuccessful, disconnected the telephone cord from the phone jack. As a result, S.S. was unable to call the police. S.S. testified that when Richardson attempted to console her, she submitted to sexual intercourse out of fear that if she did not do so, he would continue to attack her.

Richardson was charged with second degree sexual assault, see § 18–3–203, 6 C.R.S. (1997),[1] third degree assault, see § 18–3–204, 6 C.R.S. (1997), and wiretapping prohibited, see § 18–9–303(1)(e). The wiretapping charge is a class 6 felony because it involves a corded phone. *See* § 18–9–303(2).

Before trial, Richardson moved to dismiss the wiretapping prohibited charge alleging that section 18–9–303(1)(e) is unconstitutionally overbroad, void for vagueness, and violates equal protection. On June 15, 1998, the trial court held a hearing on that motion. After the hearing, the trial court determined that the statute does not fail because of vagueness. However, it concluded that the statute is unconstitutionally overbroad, relying on the decision of the trial court in

---

1. Initially, Richardson was charged with first degree sexual assault. *See* § 18–3–402, 6 C.R.S. (1997).

*People v. Shepard,* 97 CR 508, Div. 2 (Dist. Ct. Douglas County, Apr. 15, 1998). In addition, the trial court held that the statute violates equal protection because it found that the type of telephone that is unplugged, corded or cordless, should not be determinative in assigning different degrees of punishment. As such, the trial court dismissed the charge of wiretapping prohibited. The People appealed directly to this court pursuant to section 13–4–102(1)(b), 5 C.R.S. (1997), and section 16–12–102(1), 6 C.R.S. (1997).

## II.

The People raise three issues on appeal. First, they claim that the trial court erred in finding that the wiretapping statute is unconstitutionally overbroad. In addition, the People assert that the trial court erred in finding that the differing penalties for the interruption of calls from corded or cordless phones violate equal protection. Finally, the People claim that even if the differing penalties violate equal protection, the trial court should have reduced the charge to a class 1 misdemeanor from a class 6 felony, instead of dismissing the charge.

## A.

■ Applying our decision in *People v. Shepard,* 983 P.2d 1 (Colo. 1999), we hold that the trial court erred in finding that section 18–9–303(1)(e) is facially overbroad.[2] As explained in *Shepard,* the statute's potential infringement on fundamental rights is not real and substantial judged in relation to the statute's plainly legitimate proscriptions on wiretapping. *See Shepard,* at 4 – 5, Thus, the statute is not overbroad, and we reverse the trial court's holding to the contrary.

**2.** Section 18–9–303(1)(e) provides in relevant part:

(1) Any person not a sender or intended receiver of a telephone or telegraph communication commits wiretapping if he:

. . . .

(e) Knowingly prevents, obstructs, or delays, by any means whatsoever, the sending, trans-

## B.

However, the holding of *Shepard* does not dispose of all of the issues in this case because the parties in *Shepard* did not raise an equal protection challenge to the statute. Therefore, we now address the People's challenge to the trial court's determination that the wiretapping statute violates equal protection.

Section 18–9–303(2) provides that "[w]iretapping is a class 6 felony; except that, if the wiretapping involves a cordless telephone, it is a class 1 misdemeanor." § 18–9–303(2). The trial court held that both this provision and section 18–9–303(1)(e) violate equal protection because different degrees of punishment result from the same conduct. Specifically, the trial court found that the act of unplugging a corded telephone from its base is no different from the act of unplugging a cordless telephone from its base.

■ Equal protection of the laws is guaranteed by the Fourteenth Amendment of the United States Constitution and by the Due Process Clause in article II, section 25 of the Colorado Constitution. *See People v. District Court,* 964 P.2d 498, 500 (Colo.1998). If a criminal statute proscribes different penalties for identical conduct, a person convicted under the harsher penalty is denied equal protection unless there are reasonable differences or distinctions between the proscribed behavior. *See People v. District Court,* 964 P.2d at 500–01. The statutory classification of crimes must be based on differences that are real in fact and reasonably related to the general purposes of the criminal legislation. *See id.* at 501. The General Assembly may impose greater penalties for acts that it perceives to have graver social consequences, even if the differences are only a matter of degree. *See People v. Jefferson,* 748 P.2d 1223, 1226 (Colo.1988).

mission, conveyance, or delivery in this state of any message, communication, or report by or through any telegraph or telephone line, wire, cable, or other facility or any electronic, mechanical, or other device.

§ 18–9–303(1)(e).

In contrast to corded telephones, which transmit over telephone lines, cordless telephones transmit over radio waves. *See* Mark S. Snell, Note, *Cordless Telephones and the Fourth Amendment: A Trap for the Unwary Consumer,* 73 Ky. L.J. 1167, 1168 (1984–1985). Prior to August 6, 1997, wiretapping committed on a cordless phone was excluded from the proscriptions of section 18–9–303(1)(e). *See* § 18–9–301(3.3)(a), 8B C.R.S. (1996 Supp.) (excluding from the definition of "electronic communication" "the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit"); § 18–9–303(1)(e), 8B C.R.S. (1996 Supp.) (prohibiting the interception of a communication transmitted through any electronic device). The statute was amended in 1997 to make it consistent with a 1994 amendment to the federal wiretapping statute, *see* 18 U.S.C. § 2511(4)(b)(i)-(ii) (1994), which added a prohibition on the interception of cordless telephone communications. *See* Hearing on HB 97–1268 Before the House Judiciary Comm., 1st Reg. Sess. (Feb. 18, 1997) (statement of Rep. Ron Tupa); Hearing on HB 97– 1268 Before the Senate Judiciary Comm., 1st Reg. Sess. (Feb. 26, 1997) (statement of Sen. Charles Duke). The Colorado General Assembly added a different penalty for cordless phones to reflect the lesser penalty at the federal level. *See* Hearing on HB 97–1268 Before the House Judiciary Comm., 1st Reg. Sess. (Feb. 18, 1997) (statement of Rep. Ron Tupa); Hearing on HB 97–1268 Before the Senate Judiciary Comm., 1st Reg. Sess. (Feb. 26, 1997) (statement of Sen. Charles Duke).

Prior to the 1994 amendment to the federal statute, some courts had held that the interception of cordless telephone transmissions was not illegal wiretapping because of the ease of interception. *See, e.g., United States v. Smith,* 978 F.2d 171, 175–76 (5th Cir.1992); *Chandler v. State,* 680 So.2d 1018, 1024 (Ala.Crim.App.1996); *State v. Howard,* 235 Kan. 236, 679 P.2d 197, 206 (1984).

In light of the judicial recognition of the different privacy expectations between cordless telephone and corded telephone transmissions, we conclude that the General Assembly imposed a lesser penalty for interceptions of cordless telephone transmissions because it recognized that such calls are more easily intercepted.[3] Because the plain language of section 18–9–301 demonstrates a general purpose of protecting the privacy of telephone or telegraph communications, *see* § 18–9–303(1)(a)–(f), we hold that the statutory classification distinguishing between corded and cordless phones is based on differences that are real in fact and that are reasonably related to the relative ease of intercepting cordless telephone calls. Therefore, we hold that sections 18–9–303(1)(e) and 18–9–303(2) do not violate equal protection.

Because we have determined these sections do not violate equal protection, we need not address the third issue raised by the People: whether the trial court should have reduced the penalty in this case to a class 1 misdemeanor instead of dismissing the charge.

### III.

In conclusion, we hold that section 18–9–303(1)(e) is not unconstitutional as overbroad. In addition, we hold that sections 18–9–303(1)(e) and 18–9–303(2) do not violate equal protection. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Justice SCOTT does not participate.

---

3. The People provide a different rationale for the differing penalties. They assert that because an individual who uses a cordless phone is not restricted to a particular location, that person is better able to flee from someone who attempts to interfere with the telephone transmission. Therefore, the People assert, the lesser penalty for the interception of a cordless telephone call recognizes that the caller is exposed to a lesser degree of harm in a domestic violence situation. Because we have determined, on other grounds, that a rational basis exists for the different penalties, we do not address this argument.