**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jim LESSLIE, Defendant–Appellant.**

**No. 99CA1048.**

Colorado Court of Appeals, Div. III.

Oct. 12, 2000.

Rehearing Denied Dec. 7, 2000.

Certiorari Denied May 21, 2001.*

---

\* Justice COATS does not participate.

Ken Salazar, Attorney General, Hugo Teufel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Randy C. Canney, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Jim Lesslie, appeals the denial of his motion for postconviction relief. We affirm.

As a deputy sheriff of Hinsdale County, defendant cooperated with others to install an electronic listening device in the men's restroom of a bar. The purpose of the device was to intercept conversations related to narcotics transactions, but no court order was obtained authorizing the use of the listening device pursuant to § 16–15–102(1)(a), C.R.S.2000.

The bar owner found and removed the device. After an investigation, defendant, the sheriff, and another deputy were charged with illegal eavesdropping and conspiracy to commit eavesdropping. Defendant was convicted of conspiracy to commit eavesdropping, a class 6 felony. *See* §§ 18–9–304(1)(a) & 18–9–304(2), C.R.S.2000. The conviction was affirmed on direct appeal. *See People v. Lesslie*, 939 P.2d 443 (Colo. App.1996).

Defendant subsequently filed a motion to vacate his conviction pursuant to Crim. P. 35(c)(2). He alleged ineffective assistance of trial counsel and that the eavesdropping statute is unconstitutionally vague as applied to the facts of his case. After a hearing, the Crim. P. 35(c) court denied defendant's motion. This appeal followed.

Because defendant's issues on appeal are based on determinations of law, our review is *de novo*. *See St. James v. People*, 948 P.2d 1028 (Colo.1997).

## I.

Defendant contends that his trial counsel was ineffective because his attorney failed to raise several affirmative defenses. Because we conclude the defenses were not available to defendant, we reject his claim of ineffective assistance of counsel.

## A.

Defendant first asserts that his trial counsel was ineffective for failing to raise the defense of execution of a public duty.

Section 18–1–701, C.R.S.2000, provides that "conduct which would otherwise constitute an offense is justifiable and not criminal when it is required or authorized by a provision of law. . . ." As relevant to this case, a "provision of law" consists of "[l]aws defining duties and functions of public servants." Section 18–1–701(2)(a), C.R.S.2000.

Defendant argues that the laws that govern his duties as a deputy sheriff, when read in concert, provide that a deputy sheriff must act under the direction of the sheriff and enforce the laws of Colorado. *See* §§ 30–10–506, & 30–10–516, C.R.S.2000. *See also* § 18–8–405(1)(a), C.R.S.2000 (it is a crime for a public servant to refrain from performing a duty imposed by law). Defendant contends that because he was ordered by the sheriff to place the listening device, his conduct as a deputy sheriff was required by law and, as such, was excused as the execution of a public duty. We are not persuaded.

Here, defendant did not act to enforce the laws of Colorado, but instead violated the law by conspiring to engage in eavesdropping. Even if he did act under the orders of the sheriff, which proposition, we note, is contradicted by the sheriff's testimony at their joint trial, his conduct could not have been excused as an execution of a public duty pursuant to § 18–1–701, because a sheriff does not have the authority to place electronic listening devices without a court order. *See* § 16–15–102(1)(a).

Because this affirmative defense was not available to defendant, ineffective assistance cannot be premised on counsel's failure to raise it. *See People v. Naranjo*, 840 P.2d 319 (Colo.1992) (setting forth the two-part test to analyze claims of ineffective assistance).

## B.

Following a similar rationale, we also reject defendant's claim that his trial counsel was ineffective for failing to raise the affirmative defense of mistake of fact or law.

A person is not relieved of criminal liability because he or she engaged in the conduct under a mistaken belief of fact, unless such mistake negates the existence of a particular mental state essential to commission of the offense, or supports a justification defense such as execution of a public duty. Section 18–1–504(1)(a) & (c), C.R.S.2000.

Defendant maintains that he had a good faith belief that there was no reasonable expectation of privacy in the bathroom at the bar. However, such a belief is a mistake of law, not of fact. Likewise, his argument that he reasonably believed that his actions were authorized is also a mistake of law. Therefore, defendant's claims do not support a mistake of fact defense.

A mistake of law defense relates to the mistaken belief that conduct does not, as a matter of law, constitute a criminal offense. Such mistaken belief is not a defense unless the conduct is permitted by administrative regulation, order, or a grant of permission by an official authorized or empowered to make such a grant, or if it is permitted by an official written interpretation of the law relating to the offense. Section 18–1–504(2)(b) & (c), C.R.S.2000.

Here, defendant's contention that the sheriff ordered him to place the electronic listening device, even if proven, could not support a mistake of law defense, because the sheriff was not an official authorized or empowered to permit the interception and recording of communications by such a device. *See* § 16–15–102(1)(a) (necessitating a court order to authorize the placement of an electronic listening device by the police).

Additionally, defendant's claim that he relied upon *People v. Hart*, 787 P.2d 186 (Colo. App.1989), for the mistaken belief that his conduct was appropriate, also does not support a mistake of law defense. In *People v. Hart*, the police intercepted conversations without the aid of an electronic listening device. In contrast, § 16–15–102 unambiguously requires that law enforcement obtain a court order before engaging in electronic eavesdropping.

Again, because the affirmative defense of mistake of fact or law was not available to

defendant, trial counsel's failure to raise the defense cannot support an ineffective assistance claim.

## II.

■ Defendant also asserts that his trial counsel was ineffective in failing to object to testimony given by another deputy, relating to an admission defendant made to an attorney during a joint meeting of common interest, because the conversation was protected by attorney-client privilege. Since we conclude that, as a matter of law, the attorney-client privilege was not applicable because the statement was not confidential, we disagree.

The deputy testified at trial that he had supplied the electronic listening device that was used, he was present when the plan was created to place the listening device, and he was a participant in the eavesdropping in the bar bathroom. He testified that the defendant volunteered to install the listening device. The deputy further testified that several times he went to a motel room across the alley from the bar bathroom and observed defendant listening to the activity in the bathroom.

The deputy then testified that he became aware that the bar owner had discovered the listening device and, subsequently, an investigator for the district attorney contacted him regarding the eavesdropping investigation.

After the investigation had commenced, defendant, the sheriff, and the deputy met with an attorney to discuss their concerns about the matter. The deputy testified that, during the drive to the attorney's office, all participants agreed that they would "deny the whole thing."

The deputy testified that, in the meeting with the attorney, defendant admitted that he placed and monitored the listening device in the bathroom. At that point, the attorney indicated that there might be a conflict of interest among them, and suggested that each retain his own counsel. The deputy further testified that immediately after the attorney suggested separate counsel, defendant recanted and indicated that he did not place a listening device.

The deputy's testimony was admitted without objection, and defendant contends that his trial counsel's failure to object to the evidence concerning his admission during the meeting with the attorney constituted ineffective assistance of counsel. He asserts that the statement was made to an attorney in a meeting of joint defense and that, therefore, it was privileged and inadmissible. Accordingly, he argues that his counsel should have interposed an objection to the admission of that portion of the deputy's testimony.

■ The attorney-client privilege extends to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations. *People v. Williamson*, 839 P.2d 519 (Colo.App.1992). The attorney-client privilege exists for the personal benefit and protection of the client who holds the privilege, and it must be asserted by the client. *Law Offices of Bernard D. Morley, P.C. v. MacFarlane*, 647 P.2d 1215 (Colo.1982).

■ The privilege may be waived by voluntary disclosure to a third person by the privilege holder. *Denver Post Corp. v. University of Colorado*, 739 P.2d 874 (Colo.App. 1987). Therefore, the presence of a third person during a conference with a client and an attorney "ordinarily destroys the confidentiality required to assert the attorney-client privilege." *D.A.S. v. People*, 863 P.2d 291, 295 (Colo.1993).

■ A limited exception exists, however, when two or more individuals consult an attorney for the purpose of a joint defense or common interest. *Gordon v. Boyles*, 9 P.3d 1106 (Colo.2000); *see also Metro Wastewater Reclamation District v. Continental Casualty Co.*, 142 F.R.D. 471, 476 (D.Colo.1992) (communications shared with an attorney in the presence of third persons "who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship").

Defendant argues that, under the facts of this case, the joint defense/common interest

doctrine operates as an exception to the general rule that the presence of a third party destroys the confidentiality required to assert the attorney-client privilege, and serves to bar the testimony of the deputy regarding the conversation in the attorney's office.

In *Gordon v. Boyles,* the supreme court recognized that communications with an attorney concerning a matter of common interest to a joint defense of co-defendants or joint clients may be privileged. In *Boyles,* a journalist and his employer were jointly represented by an attorney defending them in a civil defamation suit. In the course of that representation, the attorney told the employer the names of the journalist's confidential sources. The employer asserted attorney-client privilege in resisting its compelled testimony identifying the journalist's sources.

The supreme court vacated the trial court's order compelling the employer to reveal the journalist's sources. Because the employer learned the identities of the journalist's sources only in the context of confidential communications with a co-defendant and joint counsel, the court concluded that the attorney-client privilege applied as the communications concerned matters of common interest to their joint defense. *Gordon v. Boyles, supra.*

Here, however, it is clear that the deputy was well aware of defendant's involvement in the incident totally independent of and before defendant's admission in the attorney's office. Therefore, we conclude that the communications were not confidential and the attorney-client privilege is not applicable. *See Gordon v. Boyles,* 9 P.3d at 1124 ("the scope of the attorney-client privilege does not encompass otherwise unprivileged facts disclosed in attorney-client relations, and unprivileged facts cannot become privileged merely by incorporation into a communication with an attorney").

Therefore, because the admission was not protected by the attorney-client privilege, the failure of defense counsel to object to the deputy's testimony regarding defendant's admission in the attorney's office, does not demonstrate ineffective representation.

## III.

Finally, defendant argues that the Crim. P. 35(c) court erred in concluding that Colorado's eavesdropping statute is not unconstitutionally vague, as applied to the facts of his case. We again disagree.

"A law is void for vagueness if its prohibitions are not clearly defined and it may be reasonably susceptible to more than one interpretation by a person of common intelligence." *People v. Hickman,* 988 P.2d 628, 643 (Colo.1999). "To be unconstitutionally vague, a statute must forbid or require the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application." *People ex rel. A.P.E.,* 988 P.2d 172, 173 (Colo.App.1999).

A statute is presumed to be constitutional, and a party asserting the contrary assumes the burden of establishing such assertion beyond a reasonable doubt. *People v. Gurule,* 924 P.2d 1164 (Colo.App.1996).

Defendant was convicted of conspiracy to commit eavesdropping under § 18-9-304(1), C.R.S.2000. That statute provides, in pertinent part, that:

> Any person not visibly present during a conversation or discussion commits eavesdropping if he:
>
> (a) Knowingly overhears or records such conversation or discussion without the consent of at least one of the principal parties thereto, or attempts to do so; or
>
> . . . .
>
> (d) Knowingly aids, authorizes, agrees with, employs, permits or intentionally conspires with any person to violate the provisions of this section. . . .

There is nothing on the face of this criminal statute that is vague or reasonably susceptible of more than one interpretation. An individual criminally eavesdrops if he or she knowingly overhears or records, or attempts to overhear or record, a conversation without the consent of at least one of the principal parties thereto, while not visibly present. An individual is also guilty of eavesdropping if he or she knowingly aids or intentionally conspires with any person to do the same.

The statute provides fair warning, to persons of ordinary intelligence, that the conduct described is prohibited. *See People v. Gurule, supra.*

Apparently, defendant's contention is that the term "conversation or discussion," used in the statute, and as defined and applied to the circumstances presented here, results in the complained-of ambiguity.

A "conversation" or "discussion" is synonymous with the term "oral communication," which is defined as "any oral communication uttered by any person believing that such communication is not subject to interception, under circumstances justifying such belief...." Section 18–9–301(8), C.R.S.2000.

"Whether the circumstances of a communication justify a belief that it is not subject to interception is analyzed in the same manner as the question whether an investigative activity amounts to a search: that is, whether there is a justifiable expectation of privacy at the time and place of the communication." *People v. Lesslie, supra,* 939 P.2d at 446. *See also People v. A.W.,* 982 P.2d 842 (Colo.1999); *People v. Palmer,* 888 P.2d 348 (Colo.App.1994).

Defendant contends that, at the time of his offense and prior to the opinion in defendant's direct appeal, *People v. Lesslie, supra,* the eavesdropping statute was vague because the law relating to whether "a reasonable expectation of privacy" existed in a 7 foot by 5 foot bar restroom, with a broken lock on the door and an open window to an alley, was so unsettled as to make his conviction a due process violation. Defendant again refers us to *People v. Hart, supra,* in which the court held that defendant had no reasonable expectation of privacy where police officers, who were lawfully situated in an adjoining motel room, could hear his conversation without the aid of a listening device.

Whether a conversation in the bar bathroom here afforded a reasonable expectation of privacy is material only to the extent that it relates to the statutory assessment of whether there was a justifiable belief, by a participant to a conversation, that his or her conversation was subject to electronic interception. *See* § 18–9–301(8).

We recognize that this criminal statute requires a case-by-case analysis as to whether the participants in the intercepted conversations have a justifiable expectation of privacy and, in turn, whether they believe that their conversation is subject to interception. However, the circumstances of this case do not lead to the conclusion that a reasonable person would have had to guess at the applicability of the eavesdropping statute.

The necessity of concealing the electronic listening device obviously leads to the conclusion that the participants to the conversations in the bathroom had an expectation of privacy, as well as a justifiable belief that their conversations were not subject to electronic interception. *See People v. Lesslie, supra,* 939 P.2d at 448 ("simply because a person allows one conversation to be overheard by nearby individuals does not mean that the expectation of freedom from electronic reception by [any individual] is objectively unreasonable").

Thus, we conclude that there could be no ambiguity that the statute prohibits the use of an electronic listening device and that the participants did have a justifiable belief that their conversations would not be subject to electronic interception. Therefore, we are not persuaded by defendant's contention that the statute is unduly vague under these circumstances. *See People v. Shepard,* 983 P.2d 1 (Colo.1999) (holding that the defendant failed to prove that the wiretapping statute was constitutionally overbroad as applied to his conduct).

Accordingly, the Crim. P. 35(c) court correctly concluded the statute is not unconstitutionally vague as applied to these facts.

Order affirmed.

Judge DAVIDSON and Judge ROY concur.