Opinion by JUDGE HAWTHORNE
*121 ¶ 1 Defendant, Laura Gutierrez-Vite, appeals the judgment of conviction entered on jury verdicts finding her guilty of attempted theft and two counts of first degree offering a false instrument for recording. We affirm.
I. Facts and Procedural History
¶ 2 Defendant and her husband, German Jasso[1] , moved into a vacation home located in Fraser, Colorado (the property). Neither defendant nor Mr. Jasso owned a record interest in the property. On October 6, 2011, defendant and Mr. Jasso executed an affidavit of adverse possession stating that, since July 22, 2011, they had possessed the property under Colorado's adverse possession statute. The affidavit further stated that their claim of title to the property was based on the record owner's willful and voluntary abandonment, adverse possession, and a "good faith purchase offer." On October 7, 2011, the affidavit was recorded in the records of the Grand County Clerk and Recorder's Office.
¶ 3 After learning of the affidavit's recording, the Fraser/Winter Park Police Department initiated an investigation. A police officer determined, based on the online records of the Grand County Assessor's Office, that A.H. owned the property. Police spoke with A.H. and learned that she had relocated to Hawaii and the property was in foreclosure. A.H. confirmed that she did not know defendant or Mr. Jasso and had never authorized them to enter the property.
¶ 4 After speaking with A.H., a police officer contacted Mr. Jasso at the property on October 26, 2011. The officer instructed him that he had one week to vacate the property, remove all belongings, and restore the original front door lock. After the one week period ended, defendant and Mr. Jasso remained at the property. On November 4, 2011, police had a locksmith change the front door lock and posted "no trespassing" and "no occupancy" signs.
¶ 5 That same day, defendant and Mr. Jasso executed and recorded in the Grand County records a limited durable power of attorney authorizing America's Home Retentions Services and Alfonso Carrillo[2] , as Trustee, to undertake specified tasks on their behalf concerning the property.
¶ 6 On December 2, 2011, defendant was arrested and charged with theft, first degree criminal trespass, and two counts of first degree offering a false instrument for recording (for the alleged false statements in the affidavit of adverse possession and limited power of attorney). The prosecution later amended the theft count to attempted theft and dismissed the trespass charge.
¶ 7 Defendant filed a pretrial motion seeking leave to assert at trial a mistake of law affirmative defense, under section 18-1504(2)(a), C.R.S.2014, based on her alleged belief that the law of adverse possession allowed her to seek ownership of the property. The trial court denied the motion and ruled that Colorado's adverse possession statute did not apply to residences.
¶ 8 At a jury instruction conference, defendant requested various mistake of fact instructions based on her alleged belief that the property had been abandoned. The trial court denied the instructions on the grounds that there was not even a scintilla of evidence that she had entertained a good faith belief that the property had been abandoned.
*122 ¶ 9 The jury convicted defendant of attempted theft and two counts of offering a false instrument for recording. She was sentenced to two years of probation.
II. Mistake of Law Affirmative Defense
¶ 10 Defendant contends that the trial court erred because it "denied [her] affirmative defense of mistake of law based upon the adverse possession statute." She also contends that the court erred by "denying [her] the right to present a defense based upon the adverse possession statute." We consider these interrelated arguments together, and, as discussed below, reject them.
A. Standard of Review and Legal Framework
¶ 11 Whether defendant was entitled to assert a mistake of law defense based on Colorado's adverse possession statute presents a legal question. We review legal questions de novo. B.B. & C. P'ship v. Edelweiss Condo. Ass'n, 218 P.3d 310, 315 (Colo.2009) ; People v. Wadle, 77 P.3d 764, 767 (Colo.App.2003). We may affirm a trial court's ruling on grounds different than those employed by the court, so long as the record supports them. Moody v. People, 159 P.3d 611, 615 (Colo.2007) ; People v. Chase, 2013 COA 27, ¶ 17, 411 P.3d 740.
¶ 12 A mistake of law defense relates to the defendant's mistaken belief that conduct does not, as a matter of law, constitute criminal activity. People v. Lesslie, 24 P.3d 22, 25 (Colo.App.2000). A person is not relieved of criminal liability because of a mistake of law unless the conduct is permitted by statute, administrative regulation, or an official written interpretation. § 18-1-504(2); People v. Bossert, 722 P.2d 998, 1008 (Colo.1986). Absent such circumstances, ignorance of the law is not a defense to criminal charges. See § 18-1-504(2); People v. Holmes, 959 P.2d 406, 414 (Colo.1998).
B. Analysis
¶ 13 Even if we assume that the civil adverse possession doctrine can serve as a defense to criminal charges[3] and that a residence can be adversely possessed, whether defendant was entitled to present a mistake of law defense turns on whether Colorado's adverse possession statute, section 38-41-101, C.R.S.2014, permitted her criminal conduct. We conclude it did not.
¶ 14 First, defendant did not satisfy the adverse possession statute's requirements. Under this statute, in actions filed on or after July 1, 2008, the party claiming the title must prove, by clear and convincing evidence, that his or her possession was actual, adverse, hostile, under a claim of right, exclusive, and uninterrupted for at least eighteen years. § 38-41-101(3) ; Smith v. Hayden, 772 P.2d 47, 52 (Colo.1989) ; Beaver Creek Ranch, L.P. v. Gordman Leverich Ltd. Liab. Ltd. P'ship, 226 P.3d 1155, 1160 (Colo.App.2009). Additionally, for any claim of title by adverse possession vesting on or after July 1, 2008, an adverse claimant must also establish a good faith belief that he or she (or his or her predecessor in interest) was the property's actual owner, which belief was reasonable under the particular circumstances. § 38-41101(3)(b); Gordman Leverich, 226 P.3d at 1165 n.2.
¶ 15 Defendant did not possess the property for the required statutory period. She admitted in her recorded affidavit of adverse possession that she had been "continuously and adversely possessing" the property only since July 22, 2011. She was arrested on December 2, 2011. So, even if we assume defendant possessed the property during this entire period, at best, she possessed it for approximately five months, which is far short of the required eighteen-year statutory period.
¶ 16 Additionally, the record does not indicate that defendant had a good faith belief that she was the property's actual owner. In fact, the record supports the conclusion that defendant knew that A.H. was the property's *123 actual owner because defendant's affidavit of adverse possession, which was admitted at trial, stated that her claim of title to the property was based, in part, on the record owner's abandonment and a "good faith purchase offer."
¶ 17 Second, as stated, the adverse possession statute operates to vest fee title in the adverse possessor no sooner than eighteen years from the date the adverse party takes possession. Smith, 772 P.2d at 52. Nothing in the statute expressly or impliedly permits or authorizes the adverse possessor's trespass during the statutory period.
¶ 18 We further note that, on appeal, defendant's counsel concedes that defendant was merely "attempting" to adversely possess the property and was "attempting" to obtain fee title thereto. Defendant has cited no case law, and we are aware of none, recognizing any form of attempted adverse possession.
¶ 19 Defendant's criminal conduct did not satisfy section 38-41- 101's elements, and this statute therefore could not have operated to vest in her any legal title to the property.[4] So, because defendant's adverse possession claim to the property fails, the adverse possession statute could not relieve her of criminal liability. Stated differently, her criminal conduct was not permitted by statute, administrative regulation, or an official written interpretation. See § 18-1-504(2); Bossert, 722 P.2d at 1008. Accordingly, we conclude that the trial court properly denied defendant's mistake of law defense based on adverse possession and therefore did not impermissibly infringe on her right to present a defense.
III. Jury Instructions
¶ 20 Defendant contends that the trial court erred by denying numerous requested "mistake of fact and companion" jury instructions. She also contends that the trial court erred by instructing the jury that adverse possession was not a defense to the charged offenses. We disagree.
A. Standard of Review and Legal Framework
¶ 21 The trial court "has a duty to instruct the jury on all matters of law applicable to the case." Riley v. People, 266 P.3d 1089, 1092 (Colo.2011). Whether an instruction should be given to the jury is a matter committed to the trial court's sound discretion. People v. Walden, 224 P.3d 369, 378 (Colo.App.2009).
¶ 22 If the trial court erred in determining whether to give a requested instruction, we assess whether reversal is required under a harmless error standard. Id. at 378-79.
B. Analysis
¶ 23 Defendant's exact argument is difficult to discern from her opening brief. We construe it as claiming that the trial court erred by declining to give the following three requested "mistake of fact" jury instructions, together with an introductory affirmative defense instruction and "companion" instructions defining real property, abandonment, possession, and residence:
It is an affirmative defense to the crime of attempted theft that [defendant] had a good faith, but mistaken belief, that she was entitled under Colorado's adverse possession law to obtain [the property].
It is an affirmative defense to the Offering a False Instrument for Recording, Count 3, that [defendant] had a good faith, but mistaken belief, that she was entitled under Colorado's adverse possession law to file the Affidavit of Adverse Possession.
It is an affirmative defense to the Offering a False Instrument for Recording, Count 4, that [defendant] had a good faith, but mistaken belief, that she was entitled under Colorado's adverse possession law to file a Limited Power of Attorney.
¶ 24 In her brief, defendant outlines the arguments defense counsel made at trial. She also attempts to "incorporate" by reference other arguments made by defense counsel at trial. The only argument that defendant *124 affirmatively makes in her appellate brief is that "the record supports the request for these instructions." We presume that defendant's reference to "these instructions" refers to all of the aforementioned tendered instructions. She then lists evidence that, according to her, establishes that defendant believed that the property had been abandoned. However, the requested instructions do not reference this alleged belief. Rather, the instructions refer to defendant's mistaken belief that she was entitled to "obtain" the property and "file" the aforementioned documents under the adverse possession statute. As previously stated, defendant's mistaken belief that the adverse possession statute permitted her criminal conduct relates to a mistake of law. The fact that defendant had an incorrect view of adverse possession law does not transform her misunderstanding into a mistake of fact. See Lesslie, 24 P.3d at 25 (the defendant's mistaken belief that conduct does not, as a matter of law, constitute a criminal offense relates to a mistake of law ).
¶ 25 We have already concluded that defendant was not entitled to assert a mistake of law defense based on the adverse possession statute. She was therefore not entitled to any such instructions on a mistake of law defense. For this same reason, we perceive no error in the court's instructing the jury that adverse possession was not a defense to the charged offenses.
¶ 26 Concerning the requested definitional instructions that defendant characterizes as "companion" instructions, she states that defense counsel argued that these instructions were necessary because they negated the charged offenses' culpable mental states. The record simply does not support this statement. Rather, the record indicates that defendant's trial counsel requested the instructions defining real property, abandonment, possession, and residence because these terms appeared in the exhibits and were "legal technical terms." The trial court declined to give the instructions because the terms were not elements of the charged offenses or terms contained within the other instructions and therefore did not need to be defined. Defendant fails to explain how this was error, and we perceive none.
¶ 27 We therefore conclude that the trial court did not err by declining defendant's requested instructions or by instructing the jury that adverse possession was not a defense to the charges.
¶ 28 Finally, insofar as defendant's opening brief purports to "incorporate" her trial counsel's arguments, we decline to address them. This technique improperly shifts-from the litigants to the appellate court-the task of locating and synthesizing the relevant facts and arguments. Castillo v. Koppes-Conway, 148 P.3d 289, 291 (Colo.App.2006). We will not play archaeologist with the record. See id. ; DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir.1999).
IV. Conclusion
¶ 29 The judgment is affirmed.
Judge DAILEY and Judge DUNN concur.

In a companion case, Mr. Jasso was convicted of similar charges. In his appeal in People v. Bruno, case number 13CA0548, it appears he is also known as German Jasso Bruno.

Mr. Jasso stated that Mr. Carrillo was his "consultant" and gave him the idea to take possession of the property and record the affidavit of adverse possession. On appeal, defendant does not base any of her claims of error on Mr. Carrillo's advice.

We note that the General Assembly is vested with constitutional authority to define criminal conduct and delineate any statutory defenses. People v. Guenther, 740 P.2d 971, 977 (Colo.1987). Nothing in Colorado's criminal code provides for the application of the adverse possession doctrine as a defense to criminal charges.

Because defendant failed to satisfy the statutory adverse possession requirements, we need not address whether, as a matter of law, a residence can be adversely possessed.