The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 15, 2019

## 2019COA126

**No. 18CA0290, *People v. Whisler* — Crimes — Possession of
Weapons by Previous Offenders; Affirmative Defenses —
Mistake of Law**

A division of the court of appeals holds that a defendant

charged with unlawful possession of a weapon by a previous

offender (commonly referred to as POWPO) cannot raise the defense

of mistake of law based on having passed a background check when

purchasing a firearm.

COLORADO COURT OF APPEALS 2019COA126

Court of Appeals No. 18CA0290
Fremont County District Court No. 16CR724
Honorable Ramsey Lama, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Curtis Edward Whisler,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE J. JONES
Román and Rothenberg*, JJ., concur

Announced August 15, 2019

Philip J. Weiser, Attorney General, Grant R. Fevurly, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Mallika L. Magner, Alternate Defense Counsel, Crested Butte, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1     Defendant, Curtis Edward Whisler, appeals the judgment of conviction entered after the trial court found him guilty of possession of a weapon by a previous offender (POWPO).  We affirm.  In so doing, we reject Whisler's contention that his testimony that he had passed two background checks when buying two of the guns at issue entitled him to assert the affirmative defense of mistake of law as to all of the weapons.

## I.     Background

¶ 2     While executing a search warrant of Whisler's home, a police officer found methamphetamine and four guns, all of which Whisler owned.  Because Whisler had a prior felony conviction, the People charged him with a single count of POWPO.

¶ 3     Before trial, Whisler endorsed the affirmative defense of mistake of law.  He also waived his right to a jury.

¶ 4     During the bench trial, a police officer testified that he found the following four firearms in Whisler's home while executing a search warrant: a "Charles Day 12-gauge" shotgun, a "Marlin 22 Magnum" rifle, a "410" shotgun, and a "22-caliber Ruger" pistol.  The prosecutor introduced the guns into evidence.

¶ 5     Whisler testified in his defense.  He admitted that he had a prior felony conviction for attempted possession of a controlled substance.  And he admitted that he had possessed the four guns.  But he also testified that

- he bought the 12-gauge shotgun at a Walmart in Cañon City about ten to twelve years earlier after undergoing a background check;

- he bought the rifle at a Walmart in Salida after undergoing a background check;

- he bought one of the other two guns from a friend who, Whisler "imagine[d]," had "probably" conducted a background check;

- he traded something (he didn't remember what) to someone (he didn't say who) for the fourth gun;

- he believed that he legally possessed all the weapons because he had passed background checks when he purchased two of them; and

- he was aware of his constitutional right to bear arms.

¶ 6     At the close of the evidence, defense counsel argued that Whisler was entitled to the affirmative defense of mistake of law

based on section 18-1-504(2)(b) and (c), C.R.S. 2018. Counsel reasoned that the Colorado Bureau of Investigation (CBI) was required to deny the transfer of a firearm if it violated state law and, because Whisler had purchased guns from two gun dealers which were required to conduct background checks for prior felony convictions and had passed those background checks, Whisler reasonably believed that the CBI had given him permission to possess them.

¶ 7      The trial court rejected Whisler's mistake of law defense, concluding that Whisler couldn't assert it as a matter of law. It reasoned that, although Walmart and the CBI had the authority to approve the sale of a firearm, they did not have the authority to "grant permission for somebody convicted of a felony to possess a firearm" so, "even if the background check fail[ed] to reveal a felony conviction and . . . a subsequent sale occurs," the possession of the firearm by the felon was not lawful.

¶ 8      The court then found Whisler guilty of the POWPO count and sentenced him to eighteen months of probation.

## II.  Mistake of Law

¶ 9       On appeal, Whisler reiterates his argument that he is entitled to the affirmative defense of mistake of law because the CBI gave him permission to possess all the guns when he passed background checks before purchasing two of them.  His argument misses the mark.

### A.  Standard of Review and Applicable Law

¶ 10      We review de novo whether a defendant is entitled to assert a mistake of law defense.  *People v. Gutierrez-Vite*, 2014 COA 159, ¶ 11.

¶ 11      "A mistake of law defense relates to the mistaken belief that conduct does not, as a matter of law, constitute a criminal offense." *People v. Lesslie*, 24 P.3d 22, 25 (Colo. App. 2000).  Generally, "ignorance of the law or mistake of law is no defense to criminal prosecution." *People v. Holmes*, 959 P.2d 406, 414 (Colo. 1998).

¶ 12      The General Assembly has codified this principle.  Section 18-1-504(2) says that mistake of law is not a defense "unless the conduct is permitted by" certain law, persons, or entities, and only then under specified circumstances.  Whisler invokes two statutory exceptions.  The first is that a person is relieved of criminal liability

4

for conduct that is permitted by "[a]n administrative regulation, order, or grant of permission by a body or official authorized and empowered to make such order or grant the permission under the laws of the state of Colorado." § 18-1-504(2)(b). The second is that conduct may be permitted by "[a]n official written interpretation of the statute or law relating to the offense, made or issued by a public servant, agency, or body legally charged or empowered with the responsibility of administering, enforcing, or interpreting a statute, ordinance, regulation, order, or law." § 18-1-504(2)(c).

## B. Analysis

¶ 13     We conclude that the trial court properly determined that neither of the statutory exceptions applies to Whisler, as a matter of law.

¶ 14     Whisler didn't present any evidence of an administrative regulation, order, or grant of permission by anyone authorized or empowered to give such permission that would have permitted him to possess firearms. The CBI serves as the state point of contact for the national instant criminal background check system and is required to deny a background check if the transfer of the firearm would violate any provision of state law. But in that role, the CBI

5

doesn't grant permission to violate the law; rather, it attempts to determine whether a person can legally possess a firearm based on the information available to it. *See* § 24-33.5-424(2), (3)(a), C.R.S. 2018.

¶ 15    And, even if passing a background check could be construed as a "grant of permission" by the CBI, that agency doesn't have the authority to make an exception to the POWPO statute that would have allowed Whisler (or any other convicted felon) to possess a firearm. Whisler cites no authority for the proposition that the CBI has such authority, and we aren't aware of any.

¶ 16    Likewise, Walmart, a private entity, didn't have any authority to grant Whisler permission to possess a firearm in contravention of the law. *See Rocky Mountain Gun Owners v. Hickenlooper*, 2016 COA 45M, ¶ 44 (a licensed gun dealer's initiation of a background check "does not make [it] the principal agent of state enforcement charged with keeping firearms away from criminals").

¶ 17    As for subsection (2)(c) of section 18-1-504, Whisler didn't present any evidence of an "official written interpretation of" the POWPO statute by anyone empowered to make such an interpretation giving him permission to possess firearms.

¶ 18    Under these circumstances, we conclude that Whisler wasn't entitled to have the fact finder (in this case, the trial court) consider the affirmative defense of mistake of law. *Cf. Lesslie*, 24 P.3d at 24-25 (the mistake of law defense didn't apply because, even though the sheriff had directed the defendant to install an electronic listening device in the men's restroom at a bar, "the sheriff was not an official authorized or empowered to permit the interception and recording of communications by such a device").

¶ 19    In so concluding, we necessarily reject Whisler's argument that his case is analogous to *United States v. Brady*, 710 F. Supp. 290 (D. Colo. 1989). In *Brady*, the defendant was relieved of criminal liability for possessing a firearm as a convicted felon in violation of a federal statute because he had relied on the advice given to him by a state court judge that he could continue to use a firearm for hunting and trapping in his occupation. *Id.* at 291-92, 296. The federal district court concluded that the defendant was entitled to rely on the advice of the judge because the judge had a constitutional duty to interpret and apply federal law. *Id.* at 295. In contrast, though the CBI is required to notify the seller if transfer of the firearm would violate state law, the CBI doesn't have any

authority or duty to interpret, apply, or grant exemptions from the POWPO statute.

¶ 20    Whisler's reliance on *Cox v. Louisiana*, 379 U.S. 559 (1965), *Raley v. Ohio*, 360 U.S. 423 (1959), and similar cases is also misplaced.  Those cases, unlike this one, involved factual circumstances in which the alleged grant of authority came from a source that had the authority to permit the action.  *See Cox*, 379 U.S. at 569-71 (demonstrators acting with the permission of the police chief); *Raley*, 360 U.S. at 437-39 (witnesses acting upon the advisement of the chairman of the commission before whom they appeared).

### III.    Conclusion

¶ 21    The judgment is affirmed.

JUDGE ROMÁN and JUDGE ROTHENBERG concur.